———◄●O●►———

FUNKHOUSER, Respondent, v. HANTZ & SPALDING, Appellants.

1. The title of Carondelet to the land embraced within the United States survey of the commons of Carondelet made by Brown in 1834 is superior to and must prevail over an entry with the register and receiver of a portion thereof in 1847.
2. An entry in 1847 in the office of the register and receiver of land embraced within Brown's survey of the commons of Carondelet was unauthorized by law and would confer no title even as against the United States.

*Appeal from St. Louis Land Court.*

This was an action in the nature of an action of ejectment to recover possession of lots 175 and 177 in Carondelet commons, south of the river Des Peres. The plaintiff claims title under the city of Carondelet ;. the defendant under and by

virtue of a preëmption certificate, dated November 18, 1847, issued in favor of John G. Merlin, for the south-west quarter of fractional section seven, township forty-three, and which included the land in controversy. Testimony was introduced by defendant with a view to show that, judging by the field notes of Rector's survey, the land in controversy lies outside Rector's survey of Carondelet commons, though within Brown's survey.

The court, after refusing numerous instructions asked by defendant, submitted the cause to the jury upon the following instruction, given at the instance of the plaintiff: "The acts of Congress of June 13, 1812, May. 26, 1824, and January 27, 1831, together with the official survey and designation of the common in 1834, read in evidence by the plaintiff, were effectual to pass to the inhabitants of the town of Carondelet all the title of the United States to the land embraced in such survey and designation at the time the same was made; and if the jury believe from the evidence that the land in controversy is embraced within said survey of the commons of Carondelet made in 1834, then they will find for the plaintiff."

The jury found for plaintiff.

*Whittelsey, Hill,* and *Williams,* for appellant.

I. The survey of Rector was the legally approved survey of the commons of Carondelét made in 1817 by the proper officers of the United States in obedience to the laws as they then stood. (Acts of Congress of June 13, 1812, and April 29, 1816.) This survey having been acquiesced in by Carondelet, is to her an estoppel. (Menard v. Massey, 8 How. 301.) The land being outside of Rector's survey and having been ordered for sale by the department of public lands, and an entry having been made while Brown's survey was in controversy, the defendants are entitled to show the facts and to put the plaintiff upon better proof than Brown's survey to show the extent of commons. Rector's survey being now the approved survey, the defendants may show, as mat-

ter of fact, that they are without Rector's survey, and entitled to retain possession of the land sued for.

*R. M. Field*, for respondent.

I. The instruction given was correct. The long dispute about the correctness of Brown's survey is at an end, and the United States and all claiming under them are estopped from denying that the land embraced in the survey was confirmed to Carondelet in 1812. (Menard v. Massey, 8 How. 310 ; West v. Cochran, 17 How. 403.)

NAPTON, Judge, delivered the opinion of the court.

The opinion of the court in the case of Sigerson v. Dent disposes of the main question in this case. The entry of Merlin in 1847 must yield to the title of Carondelet based upon the survey of 1834.

But the entry, it may also be observed, was wholly unauthorized by law, and contrary to the express directions of the Land department. Although the commissioner of the Land Office (Mr. Whitcomb) had in a letter to the surveyor general in January, 1841, directed the land here in dispute, and a considerable extent of adjoining land within the limits of Brown's survey, to be surveyed as public land and offered for sale, yet in September, 1845, this order was directly countermanded by Gen. Shields, the then commissioner. In a letter to surveyor general Conway of September 1, 1845, and in a letter to Alexander Kayser of the same date, and in a letter to Mr. Tibbatts, of the House of Representatives, of February 14, 1846, Brown's survey is ordered to stand and not to be interfered with, except some law of Congress should so authorize. The acting commissioner, Piper, also, in a letter to Wm. Schlick, of June 17, 1846, and the commissioner Young, in a letter to LeBlond, of August, 1847, and in a letter to the register of the Land Office of August 6, 1846, relative to the application of Delor, confirms the previous determination of the Land department on this subject. The entry of Merlin in November, 1847, was made

against these positive orders; and in August, 1848, the commissioner Young orders the register to report to him a list of such entries; and they are all suspended, and no patents have ever been issued.

Under these circumstances, the entry can not be considered as conferring any title, even as against the United States.   Judgment affirmed.